IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CHARITY TOWING AND RECOVERY, LLC,<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No. 2:18-bk-05745-MCW<br><br>**ORDER APPROVING STIPULATION RE: TREATMENT OF EASTERN FUNDING LLC'S SECURED CLAIMS** |

This matter having come before the Court on Charity Towing and Recovery, LLC, debtor and debtor-in-possession, and Eastern Funding LLC's *Stipulation re: Plan Treatment of Eastern Funding LLC's Secured Claims* (the "Stipulation") (Dkt. 21), no objections having been made, and good cause appearing,

**IT IS HEREBY ORDERED** that the Stipulation is approved. A copy of the Stipulation is attached hereto as Exhibit 1 and incorporated herein by this reference.

**SIGNED AND DATED ABOVE**

# EXHIBIT A

Mark J. Giunta (#015079)
Liz Nguyen (#030282)
Law Office of Mark J. Giunta
531 East Thomas Road, Suite 200
Phoenix, Arizona 85012
Phone (602) 307-0837
Fax (602) 307-0838
Email markgiunta@giuntalaw.com
Email liz@giuntalaw.com

*Attorneys for Debtor*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| CHARITY TOWING AND RECOVERY, LLC, | Case No. 2:18-bk-05745-MCW |
| Debtor. | **STIPULATION RE: TREATMENT OF EASTERN FUNDING LLC'S SECURED CLAIMS** |

Eastern Funding LLC ("EFL"), and Debtor CHARITY TOWING AND RECOVERY, LLC ("Debtor"), by and through their respective attorneys undersigned, hereby stipulate and agree as follows:

I. <u>RECITALS</u>

A. EFL is the holder of two secured claims upon Debtor's vehicles evidenced by two separate vehicle leases (which are dollar buyout disguised financing arrangements), as described below:

  1. Vehicle lease dated June 23, 2015 for a 2008 Dodge 5500 and 2008 19' Aluminum Carrier ("xx374001 Lease").

  2. Vehicle lease dated May 13, 2016 for a 2016 Ford F-650 and 2015 22' Steel Carrier ("xx374002 Lease").

- 1 -

B.  On May 21, 2018, Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. EFL asserts that on the date of the petition, Debtor had a remaining balance of $4,776.51 on the xx374001 Lease and $58,696.46 on the xx374002 Lease.

C.  The parties have agreed to monthly payments which payment in full shall total no less than 63,472.97 and other adequate protection for EFL's interest in the collateral.

D.  In order to avoid litigation regarding the status of EFL's claim and to facilitate Debtor efforts to confirm a Plan of Reorganization, the parties have agreed to enter into this stipulation and resolve all of their differences and pending claims.

II.  SETTLEMENT AGREEMENT

A.  The above recitals are incorporated herein by reference.

B.  <u>Claims Treatment:</u> The parties stipulate and agree that EFL's claims shall be allowed in the following amounts:

    1.  xx374001 Lease  Principal:  $4,776.51

    2.  xx374001 Lease  Principal:  $58,696.46

C.  <u>EFL's Collateral:</u> The parties stipulate that EFL's claims are secured by the above-referenced vehicles in Section I(A), and is a valid and perfected lien. Debtor waives any and all other objections to EFL's claims.

D.  <u>Claims Payments and Adequate Protection:</u> The parties stipulate and agree that EFL is entitled to adequate protection of its interest in the collateral. As adequate protection and as claims payments, the Debtor shall resume monthly payments of $1,346.00 on the xx374001 Lease, and $1,447.00 on the xx374002 Lease.

E.  <u>Agreement to Vote in Favor of Plan:</u> This is a stipulation for treatment of EFL's claims under Debtor's Plan of Reorganization. The terms and conditions of this Stipulation shall

- 2 -

be incorporated into any Plan of Reorganization or Order of Confirmation filed herein and shall be binding upon any subsequently appointed Chapter 7 Trustee, if any. EFL agrees that this Stipulation shall constitute a vote in favor of the pending Chapter 11 Plan and any subsequent Plan which incorporates the terms of this Stipulation only if Debtor is not in default of this Stipulation as set forth in Paragraph F below.

F. <u>Default Provisions:</u> "Default" shall be defined herein as any one or more of the following events: (1) Debtor fails to make and EFL's failure to receive the above payments on or before the: (i) 14th of each month as to the xx374001 Lease; and (ii) 3rd of each month as to the xx374002 Lease, (2) default in the payments required to be made to any other secured creditor as identified in Debtor's Plan of Reorganization, (3) any other Plan default, or (4) dismissal or conversion of this case. In the event of a default, EFL shall give written notice informing Debtor of a default and giving Debtor ten (10) days to cure such default.

G. <u>Remedies in the Event of Default:</u> In the event that Debtor fails to cure any such default within the ten (10) day grace period provided herein, or in the event Debtor defaults more than two times, the entire remaining balance owed on the Vehicle Leases shall become immediately due and payable. EFL shall then be able to immediately take whatever steps it deems necessary to enforce its rights under the Vehicles Leases, without regard to the bankruptcy proceeding, or the automatic stay of 11 U.S.C. § 362, without further notice. Debtor hereby stipulates and agrees that the automatic stay against lien enforcement of 11 U.S.C. § 362 is hereby vacated and/or modified as of the date of this stipulation, to allow EFL to enforce its claims in the event of a default, without further notice except as set forth in this Stipulation.

H. Any modification of this Stipulation must be in writing and signed by both parties. There are no other promises, agreements or representations between the parties other than as set forth herein.

I. Debtor hereby waives any right to seek relief under Section 105 of the United States Bankruptcy Code.

J. This Order shall also be binding upon any subsequent Trustee appointed in the bankruptcy proceeding, whether that Trustee is a Chapter 13 or a subsequent Chapter 7 proceeding.

K. The terms of this Stipulated Order shall be incorporated into the terms of Debtor's Chapter 11 Plan, and the Plan shall not be deemed to modify any provisions of this Stipulation.

L. All notices to be made hereunder shall be made to the parties at the following addresses:

    a. Eastern Funding LLC
    c/o Jennifer Ng
    213 West 35th Street, 10th Floor
    New York, New York 10001
    (646) 723-6325 Tel
    legal@easternfunding.com

    b. Debtor Charity Towing and Recovery, LLC
    c/o Mark Giunta, Esq.
    LAW OFFICE OF MARK J. GIUNTA
    531 East Thomas Road, Suite 200
    Phoenix, Arizona 85012
    markgiunta@giuntalaw.com

M. All payments to be made hereunder shall be made to EFL by wire through Automated Clearing House (ACH). A form to set up ACH payments has been sent to Debtor and Debtor acknowledges receipt, completion and submittal of the ACH form back to EFL.

N. All other terms and conditions of the Stipulation, other than as modified herein, are in full force and effect and binding upon Debtor. The Stipulation and all terms thereof are hereby incorporated by reference. This Stipulation is binding and enforceable only in the event that the Chapter 11 proceeding remains in place. In the event that there is a dismissal of the bankruptcy proceeding, or a conversion, the Stipulation is not binding upon EFL and EFL may immediately declare a default for failure to pay the past due amounts under the Stipulation.

DATED: 8/13/2018

Jennifer Ng, Esq.
Attorney for Eastern Funding LLC

LAW OFFICE OF MARK J. GIUNTA

Mark J. Giunta, Esq.
Liz Nguyen, Esq.
Attorneys for Debtor

- 5